[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Inland Wetlands Agency of the Town of Coventry, hereafter "Agency", approving an CT Page 10388 application of Clifford Fournier (hereafter "Fournier") to repair a wall on his property which juts out into the beach area of his property in a southeasterly direction toward the waters of Lake Wangumbaug, a/k/a Coventry Lake, hereafter "CL". The application was dated March 4, 1996 and was prompted by a letter from Stephen Wallace, the Agency's enforcement officer, hereafter "Wallace", to Fournier and his wife, Marjorie, advising them that the construction of the wall had been done without the necessary Agency approval, that any construction within 150 feet of the edge of the lake was a regulated activity and that, therefore, the Fourniers appeared to be in violation of the Agency regulations. The Agency held a public hearing on the application on March 27, 1996, ". . . to legitimize an already constructed masonry wall along the shore of Wangumbaug Lake". Fournier appeared at the hearing in support of the application. The plaintiffs did not appear, but on March 26, 1996, Wallace had received a letter and photographs from them which were presented to and examined by the Agency at the public hearing. R5[1]
Raymond Chicoine, hereafter "RC", stated in his letter, interalia, that he opposed the granting of the application and, in referring to the photographs, claimed "there is an obvious encroachment on Coventry Lake by extending the sea wall out towards the lake.
The Agency voted unanimously to approve the application. Notice of its decision was published on April 10, 1996, and this appeal was timely taken on April 24, 1996.
AGGRIEVEMENT:
The court recalls that at the first court hearing, the parties stipulated that the plaintiffs' property at 93 John Hand Drive abutted the property of Clifford and Marjorie Fournier at 87 John Hand Drive. In addition the A-2 survey of the Fourniers at 87 John Hand Drive, R4, shows the plaintiffs as abutters (Lot 17) to the Fourniers at lot 16. In addition the warranty deed to the plaintiffs of lot 17 describes lot 16 as the northerly abutter. Plaintiffs' Exhibit A. The subject wall is at the corner of the plaintiffs' property, Defendants' Brief pg. 3. Accordingly, the court finds that the plaintiffs' land abuts the Fourniers' land. Plaintiffs are aggrieved and are authorized to bring this appeal under the provisions of C.G.S. Section 22a-43 (a).
ISSUES:
CT Page 10389
The dispositive issue in this appeal is whether there is substantial evidence in the record to support the Agency's decision. The burden is on the plaintiffs to prove that there is not. Samperi v. Inland Wetlands Agency, 226 Conn. 579, 587
(1993). ". . . it is improper for the reviewing court to reverse an agency decision simply because an agency failed to state the reason for its decision on the record. The reviewing court `must search the record of the hearing before that commission to determine if there is an adequate basis for its decision'" Id. 588-89. As for the criteria set forth in C.G.S. Section 22a-41, the Samperi court stated that: "As long as a search of the entire record reveals the basis for the Agency's decision and supports reasonable inferences that the Agency adhered to the factors enumerated in C.G.S. Section 22a-41 (a), then the argument that the Agency failed to apply the proper statutory criteria must be rejected." Id. 598.
This court has thoroughly searched the record. In reviewing the transcript of the public hearing, R7, it supports reasonable inferences that the Agency adhered to the factors enumerated in Section 22a-41. Specifically, as an example, the members of the Agency believe the improved wall would help to stop beach erosion. R7, pg. 9. It would also make the wall safer.
Member William Saganich, chairman, stated: "as far, as far as what I can judge by the pictures and, um, descriptions, the new wall is in the same place as the old wall." R7, pg. 12. Member Darby Pollansky stated, in rejecting the contentions of the plaintiffs, ". . . we're not allowing a wall to be built into the water to block off the beach, that's not what our inland wetland agent went out and took pictures of (inaudible) its an existing wall it's not a wall that's being built up, blocked off . . ." R7, pg. 14. Member Kevin King stated that ". . . It's a, it's like a one for one." R7, pg. 8. In rejecting plaintiffs' contention that the wall would ". . . discourage crossing the beach in front of their property by extending the sea wall out further to the lake" (R5, plaintiffs' letter), Kevin King stated "That wall isn't going to prevent anybody from walking around the lake. I don't know, I don't know how this argument plays out". R7, pg. 9. There are comments from other members that are similar in nature. In addition, Wallace, who had viewed the wall, said, in response to a question from the chairman, "I would say to approve it" R7, pg. 9. Wallace is the enforcement officer and a member of the Agency staff aware of the entire situation (he took a photograph in February which was before the Agency). The Agency CT Page 10390 members had a right to rely upon his comments. Plaintiffs' brief, pg. 2, states that the Agency found that the application involved only the reconstruction of the existing wall using different material and that its approval was based upon the representation that this was simply the repair of an existing wall and not an extension of the wall into the water to block off the beach area. That is plaintiffs' interpretation of the minutes. The transcript appears to support that.
This court has held two court hearings on this matter, has personally viewed the premises subject of this appeal accompanied by counsel, and has thoroughly searched the record, including the photographs presented to the Agency. The court concludes that there was no significant change in the wall nor was it extended further into the lake. Any lengthening of the wall, if in fact it was lengthened, was insignificant and was necessitated by the repairs to the wall that were required to make it safe. The Agency hearing heard and seen the evidence presented to it, including the photos, could reasonably have concluded that the wall was repaired in the same place it had been. The photographs are not conclusive to the contrary. There is no evidence that the permit was granted on the basis of inaccurate, incorrect or deceptive information.
The plaintiffs have not sustained their burden of proving that there was not substantial evidence in the record to support the Agency's decision. In fact, the court finds there was substantial evidence in the record to support the Agency's decision.
The Agency did not act illegally, arbitrarily or in abuse of its discretion. Accordingly, the appeal is dismissed.
Rittenband, J.
NOTE: The court recommends that the property owners mediate their differences and become "good neighbors of each other".